USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 0 2009

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE LORAL SPACE<br>ERISA LITIGATION | : Master File No. 03-CV-9729 (LTS)<br>:<br>: |
|  | : **ORDER AND FINAL JUDGMENT** |
| THIS DOCUMENT RELATES TO: | :<br>: |
| ALL ACTIONS | :<br>: |

This Action[1] came on for hearing on December 1, 2008 to determine Named Plaintiffs'
(i) motion for final approval of settlement, Plan of Allocation and certification of settlement
class and (ii) motion for an award of attorneys' fees, reimbursement of expenses and case
contribution compensation, presented to the Court on November 14, 2008 and the subject of this
Court's Order Granting Preliminary Approval of Class Action Settlement (docket entry no. 58).
The issues having been duly heard and a decision having been duly reached, the Court makes the
findings herein and rules as follows:

## FINDINGS OF FACT

### I.    Description of the Lawsuit

1.    The Named Plaintiffs each filed a class action complaint in December 2003.  The
actions were consolidated on April 5, 2004.  On July 27, 2004, the Plaintiffs filed a Consolidated
Class Action Complaint for Violations of the Employee Retirement Income Security Act (the
"Complaint").

---

[1]    Unless otherwise defined herein, all capitalized terms will have the same meaning
as set forth in the Settlement Agreement.

2.     Plaintiffs allege in the Complaint that the fiduciaries of the Loral Savings Plan (the "Plan")[2] violated their fiduciary duties under ERISA, 29 U.S.C. § 1001 *et seq.* Specifically, the Complaint alleges that the fiduciaries of the Plan violated ERISA by, among other things, (1) failing to prudently manage the assets of the Plan, (2) failing to provide required disclosures to the participants and beneficiaries of the Plan, (3) failing to properly appoint, monitor and inform other fiduciaries of the Plan and (4) failing to avoid conflicts of interests.

3.     Plaintiffs did not name Loral Space & Communications Ltd. or any of its subsidiaries (collectively, "Loral") as defendants in the Complaint because Loral filed for bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York on or about July 15, 2003 (*In re Loral Space & Communications, Ltd. et al.*, No. 03-CV-41710 (RDD)). Plaintiffs filed a proof of claim on behalf of the class in the bankruptcy proceedings on or about January 26, 2004.

4.     Plaintiffs alleged that the Defendants knew or should have known that one of the principal investment options in the Plan – the Loral Stock Fund (the "Fund") – was not a prudent retirement investment during the Class Period and that the Defendants acted imprudently by failing to safeguard Plan assets. Plaintiffs also asserted that certain Defendants violated their fiduciary duties by failing to provide Plan participants with complete and accurate information about the Fund.

5.     Defendants denied, and continue to deny, each of Plaintiffs' allegations.

## II.     Investigation

---

[2]     The Plan is a defined contribution plan as defined under ERISA.

- 2 -

6.     Plaintiffs conducted a substantial and thorough investigation prior to filing the Complaint. In addition to extensive review of publicly available documents and interviewing Plan participants, Class Counsel reviewed a negotiated set of Plan documents produced by Defendants. Class Counsel drew on their extensive knowledge of ERISA law with respect to fiduciary duties relating to the investment of company stock in defined contribution plans to plead the case as strongly as possible, including with reference to the factual results of their investigation.

## III.     The Bankruptcy Proceedings

7.     Plaintiffs also participated actively in Loral's bankruptcy proceedings. Plaintiffs filed a proof of claim on behalf of the class to protect the class's interests. Thereafter, Plaintiffs remained actively involved in the bankruptcy proceedings, including: objecting to the adequacy of the Disclosure Statement; responding to debtors' Motion for Further Relief from Automatic Stay; Objecting to Confirmation of Debtors' Fourth Amended Joint Plan of Reorganization; and responding to debtors' Supplemental Objection to Plaintiffs' Claim.

8.     In addition, Plaintiffs moved for class certification in the bankruptcy action pursuant to Fed. R. Bankr. P. 7023 and 9014(c). After the motion was fully briefed, and during a hearing before the Bankruptcy Court to determine the appropriateness of certifying Plaintiffs' claims, Class Counsel conferred with counsel for the debtor and negotiated a Stipulation, Agreement and Order Among the Debtors and the ERISA Claimants in Respect of Claim

No. 971, which was approved by the Bankruptcy Court. The approval of this Settlement disposes of Plaintiffs' bankruptcy claim in its entirety by operation of the Stipulation.

### IV.    Motion Practice and Initial Settlement

9.      On or about October 12, 2004, Defendants moved to dismiss Plaintiffs' Complaint, claiming, *inter alia*, that (i) the Defendants were not fiduciaries of the Plan, (ii) Defendants did not breach any fiduciary duties, and (iii) Plaintiffs' claims were not otherwise actionable. Plaintiffs opposed the motion to dismiss on or about December 3, 2004, and Defendants filed their reply on or about January 10, 2005. Thereafter, the Court scheduled oral argument for September 16, 2005.

10.     During this time period, counsel for Plaintiffs and Defendants opened a settlement dialogue and engaged in preliminary settlement negotiations. At Plaintiffs' request, Defendants produced certain Plan transactional data to Plaintiffs, which Plaintiffs were able to review in order to calculate potential damages and gauge the possibility of a settlement. After much arms' length negotiation, the parties reached a tentative settlement on September 16, 2005, hours before oral argument was set to begin.

11.     This tentative non-recourse settlement was subject to certain contingencies with respect to the outcome of certain insurance coverage litigation. As a result of the tentative settlement, the Court placed the Action on the suspense docket and ordered the parties to submit periodic reports.

### V.     The Zahler Action

- 4 -

12. On or about December 30, 2004, Defendant Eric Zahler filed a declaratory action in the United States District Court for the Southern District of New York alleging that the insurance carriers that provided directors, officers and company liability insurance to Zahler wrongfully denied coverage to Zahler, and refused to indemnify him with respect to Plaintiffs' allegations. Zahler sought a declaration of coverage against two insurers -- Twin City Fire Insurance Company ("Twin City") and Greenwich Insurance Company ("Greenwich") -- as well as damages.

13. After discovery, including a subpoena for documents directed to Plaintiffs' counsel, the district court granted Greenwich's motion for judgment on the pleadings and the case continued with Zahler pursuing his action solely against Twin City.

14. The case was scheduled to go to trial on the first phase of liability in February 2008.

**VI.   Final Settlement Negotiations**

15. During the course of the Zahler litigation, counsel for Twin City and Class Counsel entered into discussions to explore the settlement of this Action in concert with the settlement of the Zahler Action.

16. Class Counsel first traveled to New York to meet with representatives from Twin City and their counsel. At that time, the parties agreed to attend a mediation with all parties, *i.e.*, Plaintiffs, Loral Defendants and Twin City, to attempt to reach a global resolution of all parties' claims.

- 5 -

17. On January 23, 2008, the parties met with the Hon. Daniel Weinstein (retired), an experienced mediator with an expertise in complex actions and class actions. After a full day of mediation, the parties were able to agree on the terms of the Settlement.

18. The settlement of this case was the result of intense, arms-length negotiations conducted by Judge Weinstein. Settlement discussions were fully informed as a result of the exchange of damages information, as well as by the briefing and memoranda prepared by the parties on all contested legal issues. The negotiations were vigorous and all sides argued their respective positions strenuously.

**VII. The Settlement**

19. On September 9, 2008, the Court entered an Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement ("Preliminary Approval Order"). The Preliminary Approval Order, *inter alia*, preliminarily approved the Settlement, ordered that notice be sent to Class members, set a deadline for objections to the Settlement and set a date and time for the Fairness Hearing.

20. On September 17, 2008, $6,370,205.46 was deposited into the escrow account. This amount, the Class Settlement Amount, is the sum of $6,250,000 ($6.25 million) plus accrued interest at the annual rate of three percent (3%), beginning on January 28, 2008.

21. In accordance with the Preliminary Approval Order, 4,564 Notices were mailed to Class Members on September 24, 2008. In addition, a toll-free line with voicemail was

- 6 -

implemented on September 24, 2008 and the website www.LoralSpaceERISAsettlement.com

was launched on September 25, 2008. As of November 3, 2008, there were 90 calls to the

voicemail and 1,179 hits to the website. No objections to any part of the Settlement were

received.

## CONCLUSIONS OF LAW

### IT IS HEREBY ORDERED AND ADJUDGED

Except as otherwise defined herein, all capitalized and/or italicized terms used in this

Order and Final Judgment shall have the same meanings as ascribed to them in the Settlement

Agreement ("Settlement Agreement") between Named Plaintiffs and Defendants.

22.    The Court has jurisdiction of the subject matter of the Action and over all parties

to the Action, including all members of the Settlement Class.

23.    For the sole purpose of settling and resolving the Action, the Court certifies this

action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The Settlement Class is

defined as:

> All Persons who were participants in or beneficiaries of the Plan at any time
> between November 4, 1999 and July 15, 2003 and whose accounts included
> investment in Loral Stock, excluding defendants Bernard L. Schwartz and Eric J.
> Zahler.

24.    Wendy Koch and Sherry O'Roarke (the "Named Plaintiffs") are appointed as

Settlement Class representatives, and Barroway Topaz Kessler Meltzer & Check, LLP, is

- 7 -

appointed as Class Counsel ("Appointed Class Counsel" or "Class Counsel") pursuant to FED. R. CIV. P. 23(g).

**VIII.  The Court finds for the sole purpose of settling and resolving the** Action that:

25.     The Settlement Class is so numerous that it is impractical to bring all Settlement Class members before the Court individually. Internal Revenue Service/Department of Labor Forms 5500 filed by the Plan indicate that there are likely more than 4,500 Settlement Class members, and solely for the purposes of the Settlement the Defendants do not dispute this estimate.

26.     The class allegations, denied by Defendants, present common questions of law and/or fact:

(a)     Whether the Defendants breached fiduciary obligations to the Plan and participants by causing the Plan to offer Loral stock or the Loral Stock Fund (used interchangeably herein) as an investment option for the Plan at a time when the Defendants knew or should have known that the stock was not a prudent investment for the Plan;

(b)     Whether the Defendants breached fiduciary obligations to the Plan and its participants by causing the Plan to make and maintain investments in Loral stock, at such time when it was not prudent to do so;

(c)     Whether the Defendants breached fiduciary obligations to the Plan and its participants by providing incomplete and inaccurate information to participants regarding the propriety of investing in Loral stock;

- 8 -

(d)     Whether certain Defendants breached fiduciary obligations to the Plan and its participants by failing to prudently monitor other appointed Defendants, such that the Plan and its participants' interests were not adequately protected and served; and

(e)     Whether as a result of the alleged fiduciary breaches engaged in by the Defendants, the Plan and its participants and beneficiaries suffered losses.

27.     FED. R. CIV. P. 23(a)(3) requires that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed class members, and where the claims are based on the same legal theory. In the present case, the Named Plaintiffs allege that they were Plan participants or beneficiaries during the Class Period with Plan accounts that included investments in Loral stock, that the Plan's fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, for purposes of the Settlement only, and subject to the foregoing, the claims asserted by the Named Plaintiffs are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

28.     The requirements of FED. R. CIV. P. 23(a)(4) are also satisfied. For the purposes of this Settlement, the Court finds that the Named Plaintiffs have no conflicting interests with absent members of the Settlement Class. The Court is satisfied that Appointed Class Counsel are qualified, experienced, and are further prepared to represent the Settlement Class to the best of their abilities.

- 9 -

29.     The Settlement Class satisfies the requirements of FED. R. CIV. P. 23(a), and also the requirements of FED. R. CIV. P. 23(b)(1). Given the Plan-representative nature of Named Plaintiffs' breach of fiduciary duty claims, there is a risk that failure to certify the Settlement Class would leave future plaintiffs without relief and, there is also a risk of inconsistent dispositions that might prejudice the Defendants. This case is appropriate for class certification, for the purposes of this Settlement, under FED. R. CIV. P. 23 (b)(1).

30.     The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that Appointed Class Counsel will fairly and adequately represent the interests of the Settlement Class. Appointed Class Counsel have done the work necessary to identify or investigate potential claims in the Action, to investigate the allegations made in the Complaint, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts and representing the Settlement Class's interests during the declaratory action filed by the Defendants against its insurers. Appointed Class Counsel have vast and successful experience in handling class actions and claims of the type asserted in this Action. They have refined their allegations through a consolidated pleading. Appointed Class Counsel have also demonstrated extensive knowledge of the applicable law. The Court concludes that Appointed Class Counsel have fairly and adequately represented the interests of the Settlement Class.

31.     The Settlement Class has received proper and adequate notice of the Settlement Agreement, the Fairness Hearing, Appointed Class Counsel's application for attorneys' fees and expenses and for Named Plaintiff compensation, and the Plan of Allocation, such notice having

- 10 -

been given in accordance with the Order Granting Preliminary Approval of Proposed Amended
Class Action Settlement (Docket No. 58). Such notice included individual notice to all members
of the Settlement Class who could be identified through reasonable efforts, as well as Internet
notice, and provided valid, due, and sufficient notice of these proceedings and of the matters set
forth therein, and included information regarding the procedure for the making of objections.
Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due
process.

32.    Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves and confirms the
Settlement as a fair, reasonable, and adequate settlement and compromise of the Action.

33.    The Court hereby approves the Settlement Agreement and orders that the
Settlement Agreement shall be consummated and implemented in accordance with its terms and
conditions.

34.    The Court finds that the Settlement embodied in the Settlement Agreement is fair,
reasonable and adequate, and more particularly finds:

(a)    The Settlement was negotiated vigorously and at arm's-length by counsel
for the Defendants, on the one hand, and the Named Plaintiffs and Appointed Class Counsel on
behalf of the Settlement Class, on the other;

(b)    This Action settled after the Parties had fully briefed their respective
positions on Defendants' motion to dismiss, which was pending before this Court and scheduled
for oral argument at the time of the preliminary settlement. Moreover, as a result of Defendants'
Insurer refusing coverage, the Parties' respective counsel had to participate in the litigation

- 11 -

surrounding that issue and effectuate the Settlement in that context. In addition, the Named

Plaintiffs and Appointed Class Counsel participated in the Bankruptcy proceedings. The

Settlement was also reached following arm's-length negotiations among counsel with the

assistance of an experienced mediator, all of whom were thoroughly familiar with this litigation.

Named Plaintiffs, Defendants and Defendants' Insurer had sufficient information to evaluate the

settlement value of the Action;

(c)     If the Settlement had not been achieved, the Parties faced the expense, risk,

and uncertainty of extended litigation;

(d)     The amount of the Settlement is fair, reasonable, and adequate. The

Settlement amount is within the range of settlement values obtained in similar cases;

(e)     At all times, the Named Plaintiffs have acted independently of Defendants

and in the interest of the Settlement Class; and,

(f)     No objections to the Settlement were filed.

35.     The Plan of Allocation is approved as fair and reasonable, and Appointed Class

Counsel and their designated Financial Institution are directed to administer the Plan of

Allocation in accordance with its terms and provisions.

36.     The Court has approved the following Releases and injunctive relief as set forth

in Section 3 of the Settlement Agreement:

(a)     Named Plaintiffs', the Settlement Class's and the Plan's Releases. Upon

the Effective Date, Named Plaintiffs shall and hereby do conclusively, absolutely,

unconditionally, irrevocably, and forever release and discharge, and the Plan and the Settlement

- 12 -

Class shall, by operation of this Order and Final Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Plaintiff's Released Persons from all Plaintiff's Released Claims.

(i)    In addition, Named Plaintiffs and the Settlement Class agree conclusively, absolutely, unconditionally, irrevocably, and forever to dismiss their claims pending in the Loral Chapter 11 Cases in the Bankruptcy Court. Named Plaintiffs and the Settlement Class shall be permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of the Plaintiffs' Released Claims either directly, indirectly, derivatively, or in any other capacity, against any of the Plaintiffs' Released Persons.

(b)    Defendants' Releases. Upon the Effective Date, Defendants shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Defendants' Released Persons from any and all Defendants' Released Claims.

(c)    Scope of Releases.

(i)    Nothing in the Settlement Agreement shall release, bar, waive, or preclude any claim that has been or could be asserted directly or derivatively by any member of the proposed Settlement Class or the Plan under the federal securities laws or the securities laws of any state involving the purchase or sale of any Loral securities.

(ii)    The releases set forth in Sections 3.1 to 3.2 of the Settlement Agreement are not intended to include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

- 13 -

(iii)     Named Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and the Plan, with respect to all other Parties, and Defendants, with respect to the Named Plaintiffs and all members of the Settlement Class, by the releases in Sections 3.1 and 3.2 of the Settlement Agreement, hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction, except as limited in Section 3.3.1 and 3.3.2 of the Settlement Agreement. Section 1542 reads in pertinent part:

"A general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Named Plaintiffs, on their own behalves and on behalf of all members of the Settlement Class and the Plan, and Defendants each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was bargained for.

37.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Order and Final Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.

- 14 -

38. In the event that the Settlement Agreement is terminated in accordance with its terms, this Order and Final Judgment shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc,* and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the Parties engaged in mediation before the Mediator. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

39. The Court takes notice of paragraph 9 of the First Amendment to Stipulation, Agreement and Order Among the Debtors and the ERISA Claimants in Respect of Claim 971, which was "So Ordered" by the United States Bankruptcy Court for the Southern District of New York on January 17, 2008, and which states as follows:

"Notwithstanding anything contained herein to the contrary, if the District Court Litigation is settled, upon dismissal of the District Court Litigation, with prejudice, the ERISA Claim shall be and shall be deemed to be expunged in its entirety without further order of the Court, and no distributions shall be made with respect thereto under the Plan of Reorganization or otherwise."

40. This Order and Final Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability.

41. The Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

- 15 -

## IT IS FURTHER ORDERED AND ADJUDGED:

42.    Appointed Class Counsel are hereby awarded attorneys' fees of 27.5% of the
Settlement Amount plus accrued interest and reimbursement of expenses in the sum of
$27,625.43 (the "Attorneys' Fees and Expenses"), to be paid to Appointed Class Counsel out of
the Settlement Fund after the entry of this Order.

43.    The Court finds that the amount of fees awarded is appropriate, fair and
reasonable given, *inter alia*, the substantial risks of non-recovery, the time and effort involved on
the part of Appointed Class Counsel, and the result obtained for the Settlement Class. Absent a
further order by the Court, no other fees, costs or expenses other fees, costs or expenses may be
awarded to Appointed Class Counsel in connection with the Settlement.

44.    Consistent with the Settlement Agreement, all taxes on the income of
the Settlement Fund and tax-related expenses incurred in connection with the taxation of the
Settlement Fund shall be paid out of the Settlement Fund.

45.    The awarded Attorneys' Fees and Expenses shall be paid to Appointed Class
Counsel subject to the terms, conditions and obligations of the Settlement Agreement
incorporated herein.

- 16 -

46.    Each of the Named Plaintiffs is awarded $5,000 as Case Contribution

Compensation, as defined in the Settlement Agreement, in recognition of her contributions to

this Action.

The Clerk of Court is requested to close this case.

IT IS SO ORDERED.

DATED: January 20 , 2009

THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

- 17 -